IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Richard Lamar Wray, | ) | Case No. 8:25-cv-00472-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Deputy Mansel and Deputy Edelman, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's pro se Complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge directed Plaintiff to provide certain documents to bring this case into proper form for further evaluation and possible service of process. ECF Nos. 23, 31, 46. Plaintiff initially attempted to comply with the Magistrate Judge's order, albeit unsuccessfully; however, he soon stopped responding and his mail has been returned as undeliverable indicating that he is no longer at the Spartanburg County Detention Center.[1]  *See, e.g.*, ECF No. 53.

On August 12, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b)

---

[1] Plaintiff was specifically informed that it is his responsibility to keep the Court apprised of his current address. ECF No. 7.

for failure to prosecute and failure to comply with an order of the court.  ECF No. 51.  The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of

the Magistrate Judge. Accordingly, this action is **DISMISSED** with prejudice and without leave to amend pursuant to Federal Rule of Civil Procedure 41(b).[2]

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 22, 2025
Spartanburg, South Carolina

---

[2] Defendant Deputy Mansel filed a motion for extension of time to file dispositive motions in the event that the undersigned declined to adopt the Report. ECF No. 54. This action is dismissed; accordingly, this motion is moot.